IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| DURA AUTOMOTIVE SYSTEMS, INC., | ) Case No. 06-11202 (KJC) |
| et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: Docket No. 7 |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, AND OTHER LIEN CLAIMANTS, AND FOR RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (a) authorizing the Debtors to pay certain prepetition claims of shippers, warehousemen, and other lien claimants, and (b) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion under the circumstances; and after due deliberation and sufficient cause therefor, it is hereby:

---

[1] The Debtors in these proceedings are: Adwest Electronics Inc., Atwood Automotive, Inc., Atwood Mobile Products, Inc., Automotive Aviation Partners, LLC, Creation Group Holdings, Inc., Creation Group Transportation, Inc., Creation Group, Inc., Creation Windows, Inc., Creation Windows, LLC, Dura Aircraft Operating Company, LLC, Dura Automotive Canada ULC, Dura Automotive Systems (Canada), Ltd., Dura Automotive Systems Cable Operations, Inc., Dura Automotive Systems of Indiana, Inc., Dura Automotive Systems, Inc., Dura Brake Systems, L.L.C., Dura Cables North LLC, Dura Cables South LLC, Dura Canada LP, Dura Fremont L.L.C., Dura Gladwin L.L.C., Dura Global Technologies, Inc., Dura G.P., Dura Holdings Canada LP, Dura Holdings ULC, Dura Mancelona L.L.C., Dura Ontario, Inc., Dura Operating Canada LP, Dura Operating Corp., Dura Services L.L.C., Dura Shifter L.L.C., Dura Spicebright, Inc., Kemberly, Inc., Kemberly, LLC, Mark I Molded Plastics of Tennessee, Inc., Patent Licensing Clearinghouse L.L.C., Spec-Temp, Inc., Trident Automotive Canada Co., Trident Automotive, L.L.C., Trident Automotive, L.P., Trident Automotive Limited, and Universal Tool & Stamping Company, Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ORDERED, that the Motion is granted on an interim basis; and it is further

ORDERED, that the Court will conduct a final hearing on the relief requested in the Motion on _____ at ____ Eastern Time (the "Final Hearing Date") and any objections or responses to the Motion shall be filed on or by five business days prior to the Final Hearing Date and served on the parties required by Del. Bank. L.R. 2002-1(b); and it is further

ORDERED, that the Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course of business prepetition Shipping and Warehousing Charges; and it is further

ORDERED, that the Debtors' payment of prepetition claims owed to Shippers and Warehousemen shall not exceed, in the aggregate, $740,000 during the interim period from the date of this Order until the date that a final order is entered in this matter, unless otherwise ordered by the Court; and it is further

ORDERED, that the Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course of business prepetition Lien Claimant Claims without further Court order; provided, however, that with respect to each Lien Claimant Claim, the Debtors are not authorized to pay a Lien Claimant Claim unless the Lien Claimant has perfected or, in the Debtors' judgment, is capable of perfecting or may be capable of perfecting in the future, one or more liens in respect of such claim; provided, further, that such payment shall not be deemed to be a waiver of rights regarding the extent, validity, perfection or possible avoidance of the related liens; and it is further

ORDERED, that the Debtors' payment of prepetition claims owed to Lien Claimants shall not exceed, in the aggregate, $2,600,000 during the interim period from the date of this

Order until the date that a final order is entered in this matter, unless otherwise ordered by the Court; and it is further

ORDERED, that the Debtors, in their sole discretion, shall undertake appropriate efforts to cause Shippers, Warehousemen, and Lien Claimants to acknowledge in writing that payment of such claims is conditioned upon the Shipper, Warehouseman or Lien Claimant continuing to supply goods and services to the Debtors on trade terms that, at a minimum, such Shipper, Warehouseman, or Lien Claimant provided to the Debtors on a historical basis prior to the Commencement Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate new trade terms with any Shipper, Warehouseman, or Lien Claimant as a condition to payment of any such claim; and it is further

ORDERED, that all banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition Shipping and Warehousing Charges or Lien Claimant Claims approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; *provided, however,* that sufficient funds are available in the Debtors' bank accounts to cover such payments; *provided, further,* that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order; and it is further

ORDERED, that the Debtors are authorized to reissue any check, electronic payment or otherwise, which was drawn in payment of any prepetition Shipping or Warehousing Charges or Lien Claimant Claims that is not cleared by a depository; and it is further

3

ORDERED, that nothing herein shall impair the Debtors' ability to contest, without prejudice, in their sole discretion, the validity and amounts of the Shipping and Warehousing Charges owing to the Shippers and Warehouseman or the Lien Claimant Claims owing to the Lien Claimants; and it is further

ORDERED, that the Debtors do not concede that any liens (contractual, common law, statutory or otherwise) paid pursuant to this Order are valid, and the Debtors expressly reserve the right to contest the extent, validity, perfection or possible avoidance of all such liens; and it is further

ORDERED, that nothing herein shall be deemed to constitute the post-petition assumption of any executory contracts between the Debtors and the Shippers, the Warehousemen or the Lien Claimants; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that, notwithstanding the possible applicability of Rules 6004(g), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

K&E 11450864.2

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

The Court further requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or other court constituted pursuant to the Parliament of Canada or the legislature of any province and any court or any judicial, regulatory or administrative body of any other nation or state to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

Dated: Oct 31, 2006
Wilmington, Delaware

United States Bankruptcy Judge

5