IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, INC., et al.,[1] | ) Case No. 06-11202 (KJC) <br> ) Jointly Administered |
| Debtors. | ) Re: Docket No. 6 |

**INTERIM ORDER UNDER 11 U.S.C. §§ 363, 364, 1107 AND 1108: (A) AUTHORIZING CONTINUED USE OF CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, BUSINESS FORMS, AND INVESTMENT GUIDELINES; (B) GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE STATUS; AND (C) AUTHORIZING CONTINUED PERFORMANCE UNDER INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES**

Upon the motion (the "Motion")[2] of Dura Automotive Systems, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under sections 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") (a) authorizing the Debtors to use their cash management system, bank accounts, business forms, and investment guidelines, (b) granting postpetition intercompany claims administrative status, and (c) authorizing the Debtors to continue to perform under intercompany arrangements and historical practices; and it appearing that the

---

[1] The Debtors in these proceedings are: Adwest Electronics Inc., Atwood Automotive, Inc., Atwood Mobile Products, Inc., Automotive Aviation Partners, LLC, Creation Group Holdings, Inc., Creation Group Transportation, Inc., Creation Group, Inc., Creation Windows, Inc., Creation Windows, LLC, Dura Aircraft Operating Company, LLC, Dura Automotive Canada ULC, Dura Automotive Systems (Canada), Ltd., Dura Automotive Systems Cable Operations, Inc., Dura Automotive Systems of Indiana, Inc., Dura Automotive Systems, Inc., Dura Brake Systems, L.L.C., Dura Cables North LLC, Dura Cables South LLC, Dura Canada LP, Dura Fremont L.L.C., Dura Gladwin L.L.C., Dura Global Technologies, Inc., Dura G.P., Dura Holdings Canada LP, Dura Holdings ULC, Dura Mancelona L.L.C., Dura Ontario, Inc., Dura Operating Canada LP, Dura Operating Corp., Dura Services L.L.C., Dura Shifter L.L.C., Dura Spicebright, Inc., Kemberly, Inc., Kemberly, LLC, Mark I Molded Plastics of Tennessee, Inc., Patent Licensing Clearinghouse L.L.C., Spec-Temp, Inc., Trident Automotive Canada Co., Trident Automotive, L.L.C., Trident Automotive, L.P., Trident Automotive Limited, and Universal Tool & Stamping Company, Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

relief requested is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion were appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is hereby granted on an interim basis for thirty days or until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED, that the Final Hearing Date shall be on __Nov. 20__, 2006, at __1:00__ p.m. Eastern Time and any objections or responses to the Motion shall be filed on or by five business days prior to the Final Hearing Date and served on the parties required by Del. Bankr. L. R. 2002-1(b); and it is further

ORDERED, that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Commencement Date, including, without limitation, those accounts identified on <u>Exhibit C</u> to the Motion (the "Bank Accounts"); (ii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices, etc.), as well as checks existing immediately before the Commencement Date, without reference to their status as debtors-in-possession, and other documents related to the Bank Accounts; provided, however, that upon depletion of the Debtors' check stock and/or business forms stock, the Debtors will obtain new check stock and/or

2

business forms stock reflecting their status as debtors-in-possession; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit, in a manner consistent with the Debtors' prepetition practices, as authorized by orders of this Court; and it is further

ORDERED, that, except as otherwise expressly provided in this Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Payments") issued by the Debtors, and drawn on the Bank Accounts by the holders, after the Commencement Date, provided, however, that nothing in this Order shall in any way alter or impair the rights of the Banks under the existing agreements governing the Bank Accounts, including, without limitation, the Banks' ability to close any of the Bank Accounts pursuant to the terms of such agreements upon at least thirty (30) days prior written notice to the Debtors of any such proposed closure; and it is further

ORDERED, that, where the Debtors are so authorized pursuant to separate order of this Court, the Banks are authorized and directed to honor postpetition checks, drafts, wires and ACH Payments issued by the Debtors on account of prepetition claims; and it is further

ORDERED, that the Debtors shall hold harmless Bank of America, N.A. and any of the Debtors' other Banks from having any liability whatsoever for any payment of any prepetition claims made at the direction of the Debtors; and it is further

K&E 11450759.4

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate in their sole discretion <u>provided, however</u>, the Debtors shall provide written notice to the U.S. Trustee within five (5) days of opening or closing any such bank accounts; and it is further

ORDERED, that the Debtors may disburse funds postpetition by debit, wire, check, or ACH Payments and other means; and it is further

ORDERED, that the Debtors may continue to allow third-party benefit providers Check Writing Privileges in the ordinary course of business; and it is further

ORDERED, that the Debtors are authorized, but not directed, to invest and deposit funds in the Investment Account, in accordance with their prepetition practices, notwithstanding that this practice may not strictly comply with the requirements of section 345 of the Bankruptcy Code; and it is further

ORDERED, that, pursuant to section 364(b) of the Bankruptcy Code, all Intercompany Claims arising after the Commencement Date owed by an individual Debtor to another individual Debtor shall be accorded administrative priority status of the kind specified in sections 503(b) and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized, but not required, to continue performing under and honoring their respective postpetition obligations and commitments under the Intercompany Arrangements <u>provided, however</u>, that the Debtors' authority to extend credit to non-Debtor affiliates shall be conditioned by separate order of this Court; and it is further

4

ORDERED, that the Banks are authorized and directed to honor prepetition payroll checks issued by the Debtors, to the extent such payment is authorized pursuant to other order(s) of this Court; and it is further

ORDERED, that the Debtors shall continue to maintain records with respect to transfers of cash in a manner consistent with historical practices, so that transactions can be ascertained, traced, and recorded properly on all intercompany accounts; and it is further

ORDERED, that, notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, that, to the extent any provision herein is inconsistent with the provisions of any Court-approved debtor-in-possession financing agreements or orders of this Court approving same, such agreements and orders shall govern; and it is further

ORDERED, that this Order shall be without prejudice to (a) the rights of the Debtors or any party-in-interest, including without limitation, the U.S. Trustee, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion, and (b) any issue to the substantive consolidation of the estates herein; and it is further

ORDERED, that the Debtors shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

K&E 11450759.4

ORDERED, that, notwithstanding the possible applicability of Rules 6004(g), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

The Court further requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or other court constituted pursuant to the Parliament of Canada or the legislature of any province and any court or any judicial, regulatory or administrative body of any other nation or state to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

Dated: Oct 31, 2006
Wilmington, Delaware

United States Bankruptcy Judge

6

K&E 11450719.4