IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, INC., et al.,[1] | ) ) ) | Case No. 06-11202 (KJC) Jointly Administered |
| Debtors. | ) ) | Re: Docket No. 14 |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN FOREIGN VENDORS

Upon the motion (the "Motion") of Dura Automotive Systems, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under sections 105, 363, 1107, and 1108 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), authorizing (a) the Debtors to pay, in the ordinary course of business, as and when due, any prepetition claims owing to certain vendors, service providers, regulatory agencies, and governments located in foreign jurisdictions (the "Foreign Vendors") and (b) financial institutions to honor any prepetition checks drawn or fund transfer requests made for payment of claims owing to Foreign Vendors; and upon the First Day Affidavit, and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the

---

[1] The Debtors in these proceedings are: Adwest Electronics Inc., Atwood Automotive, Inc., Atwood Mobile Products, Inc., Automotive Aviation Partners, LLC, Creation Group Holdings, Inc., Creation Group Transportation, Inc., Creation Group, Inc., Creation Windows, Inc., Creation Windows, LLC, Dura Aircraft Operating Company, LLC, Dura Automotive Canada ULC, Dura Automotive Systems (Canada), Ltd., Dura Automotive Systems Cable Operations, Inc., Dura Automotive Systems of Indiana, Inc., Dura Automotive Systems, Inc., Dura Brake Systems, L.L.C., Dura Cables North LLC, Dura Cables South LLC, Dura Canada LP, Dura Fremont L.L.C., Dura Gladwin L.L.C., Dura Global Technologies, Inc., Dura G.P., Dura Holdings Canada LP, Dura Holdings ULC, Dura Mancelona L.L.C., Dura Ontario, Inc., Dura Operating Canada LP, Dura Operating Corp., Dura Services L.L.C., Dura Shifter L.L.C., Dura Spicebright, Inc., Kemberly, Inc., Kemberly, LLC, Mark I Molded Plastics of Tennessee, Inc., Patent Licensing Clearinghouse L.L.C., Spec-Temp, Inc., Trident Automotive Canada Co., Trident Automotive, L.L.C., Trident Automotive, L.P., Trident Automotive Limited, and Universal Tool & Stamping Company, Inc.

Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

The Motion is granted on an interim basis, and it further

ORDERED, that the Court will conduct a final hearing on the relief requested in the Motion on November 20, 2006 at 1:00 p.m. Eastern Time (the "Final Hearing Date") and any objections or responses to the Motion shall be filed on or by five business days prior to the Final Hearing Date and served on the parties required by Del. Bank. L.R. 2002-1(b); and it is further

ORDERED, that the Debtors are hereby authorized but not required to pay, in their discretion and in the ordinary course of business, as and when due, any claim held by a Foreign Creditor (the "Foreign Claims"); provided, however, that the terms "Foreign Creditor" and "Foreign Vendors" shall not include foreign vendors, service providers, or other nongovernmental entities if such entities are known to have assets within the United States that would be subject to the jurisdiction of this Court and that would be available to satisfy a judgment entered by this Court if such entities were to violate the automatic stay provisions of section 362 of the Bankruptcy Code or otherwise take any action contrary to an order of this Court or the provisions of the Bankruptcy Code; provided further, however, that, notwithstanding the foregoing clause, the terms "Foreign Creditor" and "Foreign Vendors" shall include foreign vendors, service providers, or other entities that are located in jurisdictions, including without limitation, Brazil, where the Debtors' failure to pay such entities' prepetition

2

claims could cause such entity to lose its legal ability to export goods to the Debtors; and it is further

ORDERED, that the Debtors' payment of prepetition claims owed to Foreign Vendors shall not exceed, in the aggregate, $3,400,000 during the interim period from the date of this Order until the date that a final order is entered in this matter, unless otherwise ordered by the Court; and it is further

ORDERED, that in return for payment of the Foreign Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Vendors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the twelve months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms"). The Customary Trade Terms shall apply for the remaining term of the Foreign Creditor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms; and it is further

ORDERED, that if any Foreign Creditor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable post-petition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered. The Debtors are hereby authorized but not directed to obtain written verification, before issuing payment to a Foreign Creditor, that such Foreign Creditor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement with the Debtors; provided,

however, that the absence of such written verification will not limit the Debtors' rights hereunder; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Commencement Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

ORDERED, that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption or adoption of any contract or agreement under section 365 of the Bankruptcy Code; and it is further;

ORDERED, that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person; and it is further

ORDERED, that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary, the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

4

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral; and it is further

ORDERED, notwithstanding the possible applicability of Rules 6004(g), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED, that in the event that the Debtors make payments to Foreign Vendors pursuant to this Order, they shall report the same to the U.S. Trustee on a weekly basis; and it is further

ORDERED, that this Court further requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or other court constituted pursuant to the Parliament of Canada or the legislature of any province and any court or any judicial, regulatory or administrative body of any other nation or state to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

Dated: Oct 31, 2006
Wilmington, Delaware

_____
United States Bankruptcy Judge

K&E 11450849.2