IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DURA AUTOMOTIVE SYSTEMS, INC., | ) | Case No. 06-11202 (KJC) |
| et al.,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 1105 and 1207 |

## ORDER GRANTING IN PART AND DENYING IN PART THE DEBTORS' MOTION FOR ENTRY OF A REVISED KEY MANAGEMENT INCENTIVE PLAN

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order authorizing the Revised Key Management Incentive Plan; the Debtors, the Creditors' Committee, and the Second Lien Committee having agreed to the terms of the Revised Key Management Incentive Plan (the "Revised KMIP") as described in the Motion; and upon the United States Trustee's *Limited Objection to Debtors' Motion For Entry of an Order Authorizing The Revised Key Management Incentive Plan* and the *Objection of UAW to Debtors' Motion for Entry of an Order Authorizing The Revised Key Management Incentive Plan*; and upon the hearing on the Motion of May 30, 2007 (the "Hearing"); it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the

---

[1] The "Debtors" comprise the entities set forth in the order entered by the Court on October 31, 2006, jointly administering these cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or the Edwards Affidavit, as the case may be.

K&E 11841803

particular circumstances and that no other or further notice need by given; it appearing that the relief requested, as granted in part herein, is in the best interest of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted in part and denied, without prejudice, in part, as set forth in this Order; and it is further

ORDERED, that the Debtors are authorized to make KMIP payments to the Tier II KMIP Participants based on the three remaining relevant original KMIP metrics:

(a) Moving production for 2,000 positions to "best in cost" and LCC facilities by December 31, 2007;

(b) Completing the 50-Cubed Plan at or under budget (approximately $100 million); and

(c) Achieving personal goals as set by each participant's manager in support of the above three activities; and

the Debtors are authorized to make all such payments without further notice; and it is further

ORDERED, that the Debtors are authorized to make 50% of KMIP payments allocated to the Tier I KMIP Participants (the "EBITDA Target Payment") to the Tier I KMIP Participants upon the earlier of:[3] (a) December 31, 2007; and (b) the confirmation of a chapter 11 plan of reorganization, subject to the following trailing 2007 EBITDA targets (measured beginning April 1, 2007):[4]

---

[3] EBITDA Target Payment has the same meaning as "Final Payment" in the Motion.

[4] Actual EBITDA refers to the amount of the Debtors' actual EBITDA on a consolidated basis for the period beginning on April 1, 2007 and ending on the earlier of: (i) the end of the month immediately prior to the month in which a chapter 11 plan of reorganization is confirmed by the Bankruptcy Court or (ii) December 31, 2007.

(a) If actual EBITDA is less than 80% of forecast EBITDA,[5] Tier I KMIP Participants will not receive the EBITDA Target Payment;

(b) If actual EBITDA is greater than or equal to 80% and less and 85% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, less $250,000 in the aggregate;

(c) If actual EBITDA is greater than or equal to 85% and less than 90% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment;

(d) If actual EBITDA is greater than or equal to 90% and less than 95% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, plus an additional $250,000;

(e) If actual EBITDA is greater than or equal to 95% and less than 100% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, plus an additional $500,000;

(f) If actual EBITDA is greater than or equal to 100% and less than 105% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, plus an additional $750,000.

(g) If actual EBITDA is greater than or equal to 105% and less than 110% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, plus an additional $1,000,000; and

(h) If actual EBITDA greater than or equal to 110% of forecast EBITDA, Tier I KMIP Participants will receive the EBITDA Target Payment, plus and additional $1,250,000; and

the Debtors are authorized to make all such payments without further notice; and it is further

ORDERED, that all payments made pursuant to this Order constitute transfers and obligations permitted by Section 503(c)(3) of the Bankruptcy Code; and it is further

ORDERED, that, for the reasons set forth in the record at the Hearing, the remaining relief requested in the Motion is denied, without prejudice; and it is further

---

[5] 2007 Forecast EBITDA refers to the amount of the Debtors' forecast 2007 EBITDA (as described in the Debtors' email to the Creditors' Committee dated April 18, 2007) on a consolidated basis for the period beginning on April 1, 2007 and ending on the earlier of: (i) the end of the month immediately prior to the month in which a chapter 11 plan of reorganization is confirmed by the Bankruptcy Court or (ii) December 31, 2007.

K&E 11841803

ORDERED, that every payment and distribution obligation of the Debtors authorized in this Order shall be treated as an administrative expense pursuant to section 503(b)(1)(A) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to take any and all actions that are contemplated by the Motion or necessary to effectuate this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____June 1_____, 2007

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

K&E 11841803