# ENVISION GRAPHICS, INC.

506 Brandon Street
Auburn, Indiana 46706
260-925-2266



DATE:                October 19, 2007

DISTRIBUTION:   U. S. Bankruptcy Court for the District of Delaware
                Dura Automotive Systems, Inc.
                Kurtzman Carson Consultants
                Kirkland & Ellis LLP
                Richards, Layton & Finger, P. A.

Gentlemen:

As a "Class 5A Claim Holder", I have been asked to vote on Dura Automotive Systems' Plan of Reorganization Under Chapter 11 (Case No. 06-11202 - KJC).

According to the instruction letter, "the Debtors strongly recommend" that I vote to accept the Plan.

From the documentation I have received (including the Disclosure Statement, the Plan, etc.), it is my understanding that a successful execution of the Plan could mean that, best case, I could collect up to $1,200 (that is, 22% of the $5,500 Dura owes Envision Graphics, Inc.).

I believe that that would be grossly unfair. Permit me to explain why.

I am a 73 year old man. My daughter and I, along with one part-time employee, operate a small print shop here in Auburn. For several years we produced, inventoried and delivered tags, forms, envelopes, and other printed materials to Dura's Atwood Mobile Products Division in LaGrange, Indiana, on a JIT basis. All materials were produced to Atwood's specifications and all deliveries were covered by a valid Purchase Order and made in a timely manner.

When we heard rumors that Dura might file Chapter 11, we contacted Atwood management in LaGrange and also in Elkhart, Indiana, and inquired as to the possibilities of a Dura bankruptcy. We were assured (in phone conversations and in writing) by Neal Milewski, Atwood's Business Unit Purchasing Manager, that a Chapter 11 filing was "not imminent", that Dura had no intentions of restructuring its trade debt or altering its supplier payment terms and that Dura had "sufficient liquidity to continue operating in the ordinary course of business and to continue paying (its) trade suppliers and vendors".

That is why we continued to deliver materials and that is why we were shocked when we learned that we would not be paid some $5,500 due us.

Obviously, $5,500 is not a significant amount to Dura. (The moving expenses alone for one executive coming over from Ford Motor Company would no doubt be far more than that.) However, it is a rare month when I make that much so, to me, $5,500 is quite significant indeed.

As a matter of personal policy, I pay my vendors in a timely manner. I believe it would be both inconsiderate and immoral to do otherwise. I also pay my other obligations on time. Then (at least when there is any money left) I pay myself.

I believe that fairness dictates some similar approach to its obligations by Dura.

Thus, I propose that all Dura management and executive compensation (including salaries, benefits, bonuses, perks, options, etc.) be permanently discounted by the same percentage as my (long past due) receivables from Dura. Confident that it will be far less than 78%, I agree to accept whatever discount figure Dura elects to apply.

Sincerely,

ENVISION GRAPHICS, INC.


F. W. Busch
PRESIDENT