```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                              .    Chapter 11
                                    .
DURA AUTOMOTIVE SYSTEMS, INC.,      .    Case No. 06-11202(KJC)
et al.,                             .    (Jointly Administered)
                                    .
         Debtors.                   .    Dec. 10, 2007 (11:12 a.m.)
                                    .    (Wilmington)


                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          THE CLERK: The Court is now in session.

2          THE COURT: Good morning, everyone.  I've asked you
3   to join in on this conference call as a result of the
4   debtor's recent status report to the Court that the financing
5   is not yet completely lined up.  The debtor has requested
6   that the confirmation hearing now scheduled for 9:30 tomorrow
7   morning be moved to next Monday, December 17th.  So I thought
8   I wanted to - I scheduled the conference call because I
9   wanted to speak directly with those concerned to make sure
10  the debtor had touched base with at least the major
11  constituents in the case with respect to availability on that
12  date, particularly those who had filed major objections.  So,
13  at this point, let me turn the podium over to debtor's
14  counsel.

15         Mr. KIESELSTEIN (TELEPHONIC): Good morning, Your
16  Honor.  Mark Kieselstein of Kirkland & Ellis on behalf of the
17  debtors. With me is Roger Higgins and Ryan Bennett.  Your
18  Honor, when we filed the - or submitted the statement to the
19  email address that chambers asked us to send it to on Friday,
20  we also, at the same time, emailed the major constituents who
21  had - or actually any of the constituents who had filed
22  objections.  Those that we did not have email addresses for,
23  we served by Federal Express for Saturday delivery.  So,
24  everyone received the same information the Court did.  I
25  don't believe we've had direct one-on-one discussions about a

1  particular date next week.  We didn't presume to know the

2  Court's schedule until we'd heard back from the Court.  But I

3  do believe all the major parties are on the line this

4  morning, and perhaps we can find out if it doesn't work for

5  any of those parties.

6             THE COURT: Well, let's start there then.

7             MR. MARRIOTT (TELEPHONIC): Your Honor, Vince

8  Marriott on behalf of the nine percent noteholders that have

9  objected.  Is Monday the 17th the date that would work for

10 Your Honor?  That's fine with us.

11            THE COURT: Yeah, we had - because the date had not

12 been previously scheduled, we did offer it to our visiting

13 judge for her use, but I will rearrange that if that's the

14 date we set.  Anyone else care to be heard on the date?

15            MR. HARRINGTON (TELEPHONIC): Your Honor, William

16 Harrington from the Office of the United States Trustee.

17 That date is fine with our office as well.

18            THE COURT: All right.  Does anyone else care to be

19 heard?

20            MR. BAST (TELEPHONIC): Your Honor, Jeffrey Bast

21 from Hunton & Williams on behalf of Atwood Mobile Products

22 LLC.  We also filed an objection.  That date is fine, but to

23 the extent we'll be traveling from out of town, if the Court

24 wishes to consider Tuesday, that also would be fine with us,

25 so we're not traveling on Sunday.

1           THE COURT: Yeah, unfortunately, I have a fairly
2   full calendar on Tuesday the 18th, Wednesday the 19th, and
3   Thursday the 20th.  The next open day would be Friday the 21st.
4   So, I mean, it seems to me that if time is of the essence,
5   the 17th is pretty much going to have to be the day that week,
6   but I will say this, this will be the second postponement of
7   confirmation.  My law clerk and I spent five days last week
8   putting together the decision that the parties indicated had
9   to be made before confirmation, which meant everything else
10  that we needed to attend to pretty much sat, and I'm now in a
11  place, I think, where if it turns out that the parties are
12  not ready to go to confirmation by the 17th, the next date
13  you're going to get is going to be after the first of the
14  year, and I want to give you the heads up on that.
15          Mr. KIESELSTEIN (TELEPHONIC): We appreciate that,
16  Your Honor, and obviously, we apologize to the Court and all
17  the parties for the moving date, obviously, in circumstances
18  somewhat beyond our control.  In terms of the current state
19  of the credit markets, we are hopeful that this additional
20  week, with some of the adjustments we referred to in our
21  submission of Friday, will get us the rest of the way.  We
22  have made substantial progress, but we understand the
23  bouncing date and the hardship that imposes, and we
24  appreciate the Court's comments.
25          THE COURT: Well, let me ask this: Okay, so I'm

1    prepared to move the confirmation hearing to Monday, December

2    17th, and I guess we'll schedule it to start at 9:30 as well

3    unless someone has an objection to that.

4            Mr. KIESELSTEIN (TELEPHONIC): That's fine with the

5    debtor, Your Honor, the earlier the better.

6            THE COURT: Okay.  I hear nothing further on that

7    one.  Let me ask, how then does this postponement affect what

8    is scheduled to go forward on the 13th in this case, if at

9    all?

10           MR. HIGGINS (TELEPHONIC): Your Honor, this is Roger

11   Higgins for the debtors.  The matters going forward on the

12   13th will be unchanged.  We do have one addition that is if

13   the Allied Motor Products' motion has been moved from

14   tomorrow to the 13th.  Other than that, all matters remain

15   unchanged and they are independent of confirmation, Your

16   Honor.

17           THE COURT: All right.

18           MR. HALE (TELEPHONIC): Good morning, Your Honor.

19   This is Jarrett Hale with Hunton & Williams on behalf of

20   Atwood Mobil Products LLC.  We'll also be dealing with the

21   issue on the Allied motion, which currently is scheduled for

22   Thursday.  To the extent that could also be placed on the

23   calendar for Monday, the 17th, so that we don't have to travel

24   up there twice in a five-day time span, that would be very

25   helpful.  I expect the Allied motion will be a very short

1  hearing.

2  THE COURT: Any objection to that?

3  MR. ALLEN (TELEPHONIC): Your Honor, this is Joseph

4  Allen, counsel for Allied. If that would be more convenient

5  for counsel for Atwood, as long as it could be heard on the

6  17th, that's fine.

7  Mr. KIESELSTEIN (TELEPHONIC): And that's fine with

8  the debtors as well, Your Honor - Mark Kieselstein for the

9  debtors.

10  THE COURT: All right. Set that one for the 17th

11  then. I previously informed counsel that the adversary and

12  lift stay matter concerning insurance coverage was to be put

13  off to February, and I just wanted to confirm that everyone

14  had gotten the word on that.

15  MR. HIGGINS (TELEPHONIC): Your Honor, this is Roger

16  Higgins again. We have been in communication with all the

17  parties to the insurance adversary, and everybody is aware

18  that those matters are put off till February.

19  THE COURT: Okay. All right, counsel, anything

20  further for today?

21  Mr. KIESELSTEIN (TELEPHONIC): No, that's it, Your

22  Honor, other than obviously we very much appreciate Your

23  Honor taking the time to give us that additional date, and

24  again, we apologize for the circumstances, but hopefully we

25  can wrap this up successfully next week.

1          THE COURT: Look, I understand that the world

2    doesn't necessarily move according to my court calendar.

3          Mr. KIESELSTEIN (TELEPHONIC): Right.

4          THE COURT: We'll make what accommodation we're able

5    to.  All right, if that's all for today, then we will

6    conclude this hearing, and I'll see counsel on Thursday.

7          Mr. KIESELSTEIN (TELEPHONIC): Thank you, Your

8    Honor.

9          UNIDENTIFIED SPEAKER (TELEPHONIC): Thank you, Your

10   Honor.

11         (Whereupon at 11:21 a.m., the hearing in this

12   matter was concluded for this date.)

13

14

15

16

17

18         I, Elaine M. Ryan, approved transcriber for the

19   United States Courts, certify that the foregoing is a correct

20   transcript from the electronic sound recording of the

21   proceedings in the above-entitled matter.

22

23   /s/ Elaine M. Ryan                        December 12, 2007
     Elaine M. Ryan
     2801 Faulkland Road
     Wilmington, DE 19808
     (302) 683-0221