# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| DURA AUTOMOTIVE SYSTEMS, INC., et al.,[1] | ) Case No. 06-11202 (KJC) |
|  | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) Re: Docket Nos. 3078, 3183 and ____ |

## ORDER AUTHORIZING SALE OF BROWNSTOWN PROPERTY

Upon consideration of the *Certification of Counsel Regarding Sale of Brownstown Property Pursuant to De Minimis Asset Sale Procedures*, filed on April 22, 2008, it is hereby

ORDERED, that the Debtors are authorized under section 363(b) of the Bankruptcy Code to sell the Brownstown Property, without further order of the court or notice to any party, upon the terms and conditions set forth herein and in the *Notice of Sale of Property in Brownstown, Indiana*, filed on April 4, 2008 [Docket No. 3078] (the "Sale Notice");[2] and it is further

ORDERED, that the sale of the Brownstown Property shall be free and clear of all liens, claims, interests and encumbrances (collectively, "Liens") pursuant to section 363(f) of the Bankruptcy Code, with such Liens attaching only to the proceeds of the sale, in the same order of priority, with the same validity, force and effect, as immediately prior to the sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto; and it is further

ORDERED, that the Debtors shall apply the proceeds (the "Proceeds") of the sale of the Brownstown Property (as that term is defined in the Sale Notice) in accordance with (a) the *Final*

---

[1] The "Debtors" comprise the entities set forth in the *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of the Debtors' Chapter 11 Cases*, entered on October 31, 2006 [Docket No. 68].

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Sale Notice.

RLF1-3275527-1

*Order (i) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of Bankruptcy Code, (ii) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code, (iii) Authorizing Use of Cash Collateral Pursuant to Section 363 of Bankruptcy Code, (iv) Providing Adequate Protection to Prepetition Lenders Pursuant to Sections 361, 362, 363 and 364 of Bankruptcy Code and (v) Directing Repayment of Certain Prepetition Indebtedness*, entered on November 21, 2006 [Docket No. 284] (as amended by Docket Nos. 1975, 2555 and 2695, and as same may be further amended, supplemented or otherwise modified from time to time, the "Final Revolver DIP Order"), (b) the *Final Order (I) Authorizing Debtors to Obtain Replacement and Additional Postpetition Term Loan Financing Pursuant to Sections 363 and 364 of the Bankruptcy Code (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of the Bankruptcy Code (III) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code and (IV) Granting Related Relief*, entered on February 21, 2008 [Docket No. 2826] (as same may be further amended, supplemented or otherwise modified from time to time, the "Final Replacement Term Loan DIP Order," and, collectively with the Final Revolver DIP Order, the "DIP Orders")), (c) the Revolver DIP Facility (as defined in the Final Replacement Term Loan DIP Order), (d) the applicable Postpetition Financing Documents (as defined in the Final Revolver DIP Order), and (e) the Replacement Term DIP Credit Documents (as defined in the Final Replacement Term Loan DIP Order); *provided, however*, that upon receipt of the Proceeds by the Postpetition Revolving Loan Agents (as defined in the Final Revolver DIP Order) and Agents (as defined in the Final Replacement Term Loan DIP Order, and, collectively with the Postpetition Revolving Loan Agents, the "DIP Agents"), any and all Liens (as defined in the Final Revolver DIP Order), Replacement Term DIP Liens (as defined in the Final Replacement Term Loan DIP Order) or

claims encumbering the Brownstown Property arising under or related to the transactions referenced in or related to the DIP Orders, as well as any such Liens (as defined in the Final Revolver DIP Order), Replacement Term DIP Liens (as defined in the Final Replacement Term Loan DIP Order) or claims of any other lenders (including pre-petition lenders) against the Brownstown Property, shall be released; and *further provided* that upon release of the Proceeds to the Debtors, the Debtors shall disburse the Proceeds in accordance with directions of the DIP Agents (in no circumstances shall the Proceeds be applied in any manner other than as permitted by the applicable Postpetition Financing Documents, the Revolver DIP Facility, the Replacement Term DIP Credit Documents, the Replacement Intercreditor Agreement (as that term is defined in the Final Replacement Term Loan DIP Order), and the DIP Orders); and it is further

ORDERED, that, notwithstanding anything to the contrary herein, the sale of the Brownstown Property and the disposition of the sale proceeds as provided herein shall not prejudice the rights of the Environmental Protection Agency (the "EPA") with respect to any claims that it may have against the Debtors and the Debtors' estates under section 363(f) of the Bankruptcy Code, and any such claims under section 363(f) shall attach to the general assets of the Debtors' estates in lieu of attachment to the sale proceeds and any other proceeds disbursed hereunder without prejudice to the EPA, *provided, however*, that the Debtors' estates shall be the sole source for the EPA's recovery of its claims under section 363(f) against the Debtors or their estates, and any recovery for and priority of the EPA's claims under section 363(f) against the Debtors or their estates shall not be affected by the Debtors' disbursement of proceeds as directed in this order; and it is further

ORDERED, that nothing in this order shall be construed to: (a) release, nullify, or enjoin a governmental body from enforcing any environmental laws under which a purchaser of

3

property would otherwise be liable as a current owner or operator after the date of purchase, or (b) permit, in any circumstances, a governmental body to obtain from Purchaser penalties arising under environmental laws prior to the consummation of the sale of the Brownstown Property; and it is further

ORDERED, that the sale of the Brownstown Property is an arm's-length transaction entitled to the protection of section 363(m) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order, including paying broker fees in connection with the sale of the Brownstown Property; and it is further

ORDERED, that, notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(g), 7062, 9014 or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: April 25, 2008
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge