**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>DURA AUTOMOTIVE SYSTEMS, INC.,<br>*et al.*,<br><br>           Debtors.<br><br>_____ / | Chapter 11<br><br>Case No. 06-11202 (KJC)<br>Jointly Administered<br><br>Objection Deadline: May 2, 2008 at 4:00 p.m.<br>Hearing Date: May 13, 2008, 4:00 p.m.<br><br>Related to Docket No. 3023 |

**OBJECTION BY AUTOMOTIVE COMPONENTS HOLDINGS, LLC TO CONFIRMATION OF THE DEBTORS' PROPOSED REVISED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Automotive Components Holdings, LLC ("ACH"), by its undersigned attorneys, states as follows for its objection to confirmation:

### Background

1. Before the commencement of this bankruptcy case on October 30, 2006, ACH was selling and delivering to Dura Automotive Systems, Inc. and its affiliated debtors ("Dura") glass products for Dura to use to create products for sale to Dura's customers and also provided tooling services to Dura.

2. Dura owes ACH $222,034.65 for goods sold and delivered by ACH to Dura and for tooling services provided to Dura prepetition. A summary of the prepetition amounts owed by Dura to ACH is attached to this objection as Exhibit A.

3. Against ACH's $222,034.65 prepetition claim, Dura has asserted a number of prepetition offsets, credits, and/or recoupment claims that total $141,480.39. A detailed summary of the prepetition amounts owed by ACH to Dura is attached to this objection as Exhibit B. For the most part, the offsets represent retroactive price adjustments granted to Dura for product previously shipped.


4. Absent Dura's bankruptcy, ACH would be entitled to recoup or offset the $141,480.39 prepetition amount it owes Dura against ACH's $222,034.65 prepetition claim against Dura.

5. ACH filed its proof of claim in this case on May 1, 2007. A copy of ACH's proof of claim is attached hereto as Exhibit C. On the face of its proof of claim, ACH expressly asserted the right to recoup and offset whatever claims Dura may have against ACH, although the amount of the offset was not expressly stated because it was unknown to ACH at the time what prepetition claims Dura would assert against ACH.

6. Contemporaneously with this objection, ACH is filing an amended proof of claim, in the form attached hereto as Exhibit D, reflecting the currently known and liquidated amount of ACH's claim against Dura and the currently known and liquidated amount of Dura's offsetting prepetition claim against ACH, as stated above. It is possible that Dura may as yet assert additional prepetition claims against ACH, which ACH contends it would be entitled to offset or recoup against its prepetition claim against Dura.

**Objection**

7. ACH objects to the provisions of the plan that purport, in an ambiguous way, to restrict or modify ACH's right to offset and recoup against its prepetition claim the prepetition claims that Dura has or may in the future assert against ACH.

8. Article IX, Section F(4)(d) of the proposed plan provides for a permanent injunction prohibiting creditors from exercising rights of setoff and recoupment:

F. *Injunction*

\* \* \*

4. Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Parties and Entities are permanently

enjoined, on and after the Effective Date, on account of any Claim or Equity Interest satisfied and released hereby, from:

\* \* \*

(d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any Debtor or any Reorganized Debtor or against the property or estate of any [sic] the Debtors or an of Reorganized Debtors, except to the extent a right to setoff, recoupment or subrogation is asserted with respect to a timely filed proof of claim . . . .

9. This provision is ambiguous as applied to ACH's rights of offset and recoupment in the present case. The rights that ACH asserts here are literally "with respect to a timely filed proof of claim." But, it is not completely clear that this is what is meant by the plan provision, or whether the plan provision means to restrict the offset amount to an amount specified in a timely filed proof of claim.

10. In the event the plan provision seeks to enjoin or impair ACH's right to setoff and recoup mutual prepetition claims against itself and Dura, it is contrary to Bankruptcy Code § 553(a), and ACH objects to it for that reason.

WHEREFORE, for the reasons stated, ACH requests that the Court enter an order either denying confirmation of Dura's proposed plan or conditioning confirmation upon such modification to the plan's terms as necessary to preserve ACH's right to offset and recoup mutual prepetition claims between ACH and Dura.

Dated: May 2, 2008        CONNOLLY BOVE LODGE & HUTZ LLP

_____
Karen C. Bifferato (Bar No. 3279)
Marc J. Phillips (Bar No. 4445)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899
Telephone: (302) 658-9141
Fax: (302) 658-0380
Email: mphillips@cblh.com

3

- and –

Donald J. Hutchinson
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: hutchinson@millercanfield.com

Attorneys for Automotive Components Holdings, LLC

#608839v1